677 So.2d 925 (1996)
L.K.B., A Child and A.B., A Child, Appellants,
v.
STATE of Florida, Appellee.
Nos. 95-2149, 95-2304.
District Court of Appeal of Florida, Fifth District.
July 12, 1996.
Rehearing Denied August 15, 1996.
James B. Gibson, Public Defender and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellants.
Robert A. Butterworth, Attorney General, Tallahassee and E. Paul Stanley, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, Judge.
The convictions in these consolidated cases stem from a confrontation between Appellants and police officers at a 7-Eleven parking lot. The officers were responding to a disturbance call and encountered difficulty quelling the situation. The record supports the trial court's conclusion that L.K.B. and A.B. were guilty of resisting an officer without violence in violation of section 843.02, Florida Statutes (1995). Accordingly, we affirm L.K.B.'s and A.B.'s convictions and sentences on those charges. That affirmance does not end our inquiry, however.
A.B. was also convicted of trespass in a structure or conveyance in violation of subsection 810.08(1), Florida Statutes (1995), which provides:
Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure or conveyance.
Subsection 810.011(1) defines "structure" to include not only a building, but also the curtilage thereof. Under the State's theory, the parking lot was the curtilage of the 7-Eleven and A.B. was thus properly convicted of trespass in a structure. The trial court, acting without the benefit of the supreme court's decision in State v. Hamilton, 660 *926 So.2d 1038 (Fla.1995), agreed. We must reverse.
In Hamilton, the supreme court held that for the area around a structure to be considered part of the "curtilage," that area had to be enclosed in some manner. While Hamilton was decided in the context of a burglary charge, not trespass, that difference is immaterial. Both burglary and trespass rely on the definition of "structure" as found in subsection 810.011(1), and accordingly, there is no basis for limiting Hamilton's holding to burglary cases. In the instant matter, there was no evidence that the 7-Eleven parking lot was in any way enclosed. Thus, the evidence was insufficient to support A.B.'s conviction for trespass in a structure or conveyance.
AFFIRMED as to Case No. 95-2149. AFFIRMED in part; REVERSED in part as to Case No. 95-2304.
COBB and HARRIS, JJ., concur.